IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MCCLUNG-LOGAN EQUIPMENT
COMPANY, INC.,
    *Plaintiff*,

v.

HARBOUR CONSTRUCTORS CO. et al,
    *Defendants*.

Civil Action No. ELH-17-2726

**MEMORANDUM OPINION**

Plaintiff McClung-Logan Equipment Company, Inc. ("McClung") filed suit against Harbour Constructors, Co. ("Harbour") and Cross-Land Harbour, Inc. ("Cross-Land"), alleging claims for breach of contract, unjust enrichment, and quantum meruit. ECF 1 (Complaint). In the Complaint, which is supported by exhibits, McClung seeks damages of $233,147.73, plus interest and costs. *Id.*

According to McClung, defendants rented construction equipment from plaintiff but failed to make timely payments and are in default. *Id.* ¶¶ 8, 11. Although plaintiff asserts that defendants made their last payment on April 4, 2011 (*id.* ¶ 10), this suit was not filed until September 13, 2017. Before this suit was filed, however, the parties were involved in litigation in state court in Virginia, as well as this Court.

Defendants have moved to dismiss the Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). ECF 11. The motion is supported by a memorandum of law. ECF 11-1 (collectively, "Motion"). In the Motion, defendants argue that plaintiff's claims are barred by Maryland's three-year statute of limitations. ECF 11-1 at 5-6; *see* Md. Code (2013 Repl. Vol.,

2017 Supp.), § 5-101 of the Courts and Judicial Proceedings Article ("C.J."). Defendants also assert that the Complaint fails to state a claim upon which relief may be granted. ECF 11-1 at 6-14.

Plaintiff opposes the Motion (ECF 12, "Opposition"), and has submitted six additional exhibits. The gravamen of plaintiff's Opposition is that prior proceedings in a Virginia State court and defendant's alleged misdeeds in this Court have equitably tolled the statute of limitations. *See* ECF 12 at 2-9. Moreover, plaintiff argues that the Complaint is not deficient. *Id.* at 9-12. Defendant replied. ECF 13 ("Reply").

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant the Motion, without prejudice, and with leave to amend.

## I.  Legal Standard

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims against them and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, ___ U.S. ____, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But,

a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

In general, courts do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 533 F.3d 334, 336 (4th Cir. 2009); *see also U.S. ex rel. Oberg v. Penn. Higher Educ. Assistance Agency*, 745 F.3d 131, 148 (4th Cir. 2014). However, because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint*.'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis added in *Goodman*).

Under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits."

*Goines*, 822 F.3d at 166 (citations omitted); *see also U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167 (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998)). Of import here, "[w]hen the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167. Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id.*

Plaintiff attached to its Complaint the alleged rental contract with defendants (ECF 1-2) and a statement showing defendants' unpaid balance (ECF 1-3). I consider these exhibits to be incorporated into the Complaint, and I shall therefore consider them, to the extent they are relevant. As indicated, plaintiff attached six other exhibits to its Opposition. These exhibits are not integral to the Complaint, and plaintiff has offered no legal basis for the Court to consider them at this stage of litigation. However, I shall refer to them with regard to this case's procedural history.

## II. Discussion

### A.

Defendants argue that plaintiff's suit is barred by the statute of limitations. ECF 11-1 at 1-2. Because this case comes to this Court on the basis of diversity jurisdiction, I must apply the substantive law of the forum state, including its statute of limitations. *See Brown v. Am. Broad. Co., Inc.*, 704 F.2d 1296, 1299 (4th Cir. 1983); *see also Coe v. Thermasol, Inc.*, 785 F.2d 511, 514 n.5 (4th Cir. 1986) (noting that "federal courts sitting in diversity apply the forum state's statute of limitations"). Therefore, I shall apply Maryland law.

Under Maryland law, "[a] civil action shall be filed within three years from the date it accrues unless another provision of the Code provides" otherwise. C.J. § 5-101. Breach of contract actions are governed by Maryland's three-year statute of limitations. *See Catholic Univ. of Am. v. Bragunier Masonry Contractors, Inc.*, 139 Md. App. 277, 297, 775 A.2d 458, 469 (2001), *aff'd*, 368 Md. 608, 796 A.2d 744 (2002).

An action typically accrues at the time of the wrong, unless a judicial or legislative exception provides otherwise. *Poole v. Coakley & Williams Const., Inc.*, 423 Md. 91, 131, 31 A.3d 212, 236 (2011). "In Maryland, a cause of action for breach of contract generally accrues when the contract is breached." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 465 (4th Cir. 2007) (citation omitted). Nevertheless, "[r]ecognizing the unfairness inherent in charging a plaintiff with slumbering on his rights where it was not reasonably possible to have obtained notice of the nature and cause of an injury," Maryland has adopted the so-called discovery rule to determine the date of accrual. *See Bank of New York v. Sheff*, 382 Md. 235, 244, 854 A.2d 1269, 1275 (2004); *Frederick Road Limited Partnership v. Brown & Sturm*, 360 Md. 76, 95, 756 A.2d 963, 973 (2000). "The discovery rule acts to balance principles of fairness and judicial economy in

those situations in which a diligent plaintiff may be unaware of an injury or harm during the statutory period." *Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 167, 857 A.2d 1095, 1104 (2004).

Under the discovery rule, "a plaintiff's cause of action accrues when the plaintiff knows or reasonably should have known of the wrong." *Brown v. Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.*, 731 F. Supp. 2d 443, 449 (D. Md. 2010) (citing *Lumsden v. Design Tech Builders, Inc.,* 358 Md. 435, 749 A.2d 796, 801 (2000)), *aff'd*, 495 F. App'x 350 (4th Cir. 2012). Nevertheless, "[t]his standard . . . does not require actual knowledge on the part of the plaintiff, but may be satisfied if the plaintiff is on 'inquiry notice.'" *Dual Inc.*, 383 Md. at 167-68, 857 A.2d at 1104 (citing *Am. Gen. Assurance Co. v. Pappano,* 374 Md. 339, 351, 822 A.2d 1212, 1219 (2003); *Doe v. Archdiocese of Washington,* 114 Md. App. 169, 188-89, 689 A.2d 634, 644 (1997)). A plaintiff is on inquiry notice when the plaintiff "possesses 'facts sufficient to cause a reasonable person to investigate further, and . . . a diligent investigation would have revealed that the plaintiffs were victims of . . . the alleged tort.'" *Dual Inc.*, 383 Md. at 168, 857 A.2d 1095 (quoting *Pennwalt Corp. v. Nasios*, 314 Md. 433, 448-49, 550 A.2d 1155, 1159 (1988)) (alterations in original). Notice may be actual or constructive. *Poffenberger v. Risser*, 290 Md. 631, 636-38, 431 A.2d 677, 680-81 (1981).

Ordinarily, "'the question of accrual in § 5-101 is left to judicial determination,' unless the determination rests on the resolution of disputed facts regarding discovery of the wrong." *Poole*, 423 Md. at 131, 31 A.3d at 236 (citation omitted); *see Sheff*, 382 Md. at 244, 854 A.2d at 1275 (stating that summary judgment may be appropriate if there is no dispute of material fact as to whether plaintiff was on inquiry notice more than three years before suit was file); *Frederick Road Limited Partnership*, 360 Md. at 95, 756 A.2d at 973 (explaining that the determination of

accrual "may be based solely on law, solely on fact, or on a combination of law and fact, and is reached after careful consideration of the purpose of the statute and the facts to which it is applied").

On the face of the Complaint, the alleged breach of contract took place no later than July 15, 2011, when defendants "fell in default." *See* ECF 1, ¶ 11. Indeed, the Complaint does not allege any acts or omissions occurring after July 15, 2011. Therefore, under Maryland's three-year statute of limitations, the last date on which plaintiff could have timely filed this action was July 15, 2014. Yet, plaintiff did not file the Complaint until September 13, 2017, more than three years later. *See* Docket. Thus, on the face of the Complaint, plaintiff's claims are time-barred, and must be dismissed.

However, plaintiff avers in its Opposition that this case is more complicated than it might otherwise seem. ECF 12 at 2-9. On this basis, plaintiff claims that equitable estoppel bars the defense of limitations. *Id.* But, none of the background on which McClung relies is alleged in the Complaint. *See* ECF 1. I shall briefly recount what the parties contend to be this matter's procedural history, even though, as noted, I have no legal basis to consider these assertions.

**B.**

Plaintiff maintains that it timely filed a similar action, featuring the same claims and parties, on December 15, 2011, in the Circuit Court for Spotsylvania County, Virginia (the "Virginia Case"). ECF 12 at 2. Of relevance here, defendants asserted counterclaims against plaintiff. *Id.* Litigation in the Virginia Case continued for five years, and included extensive discovery and motions practice. *Id.* Trial was scheduled for January 23, 2017. *Id.*

In December 2016, years after the Virginia Case was instituted, defendants moved to dismiss the Virginia Case for improper venue, based on a mandatory forum selection clause

contained in the parties' contract. The clause called for exclusive venue in the state courts of Baltimore County, Maryland or the federal counts sitting in Maryland. *See* ECF 13 at 4; ECF 1-2 (Contract) at 5. Paragraph 20 of the Contract states, ECF 13 at 4 (emphasis added)[1]:

> 20. CHOICE OF FORUM; PROCESS. **All actions, proceedings or litigation brought by McCLUNG-LOGAN or CUSTOMER shall be instituted and prosecuted in the state courts located in Baltimore County, Maryland or in the federal courts located in Maryland.** The parties acknowledge their agreement that the state courts sitting in Baltimore County, Maryland and the federal courts sitting in **Maryland shall be the exclusive forum for all actions, proceedings or litigation between and among parties**, notwithstanding that other courts may have jurisdiction over the parties and the subject matter, and that service of process shall be valid if in compliance with Maryland law. Further, CUSTOMER hereby consents to the personal jurisdiction of the federal and state courts of the State of Maryland.

Defendants represented to the Virginia court that they sought to enforce the forum selection clause after five years because Maryland courts allow the use of depositions in connection with motions for summary judgment, and Virginia courts do not. *See* ECF 12 at 3. Given that defendants planned to file a motion for summary judgment, and wished to rely on the deposition of plaintiff's corporate designee, they explained that they intended to move the case to Maryland, rather than incur the costs of a trial in Virginia. *Id.* Of note, defendants told the Virginia court that they had "no interest in pursuing [their] counterclaims other than the defense to [plaintiff's] claims." ECF 12-2 (Transcript of Hearing in Virginia Case) at 9.

Counsel for McClung in the Virginia Case conceded that filing suit in Virginia had been a mistake, but argued that defendants had waived the right to enforce the forum selection clause by litigating in Virginia for five years. *See* ECF 12-2 at 12-13. Although the judge in the Virginia Case was upset at the apparent waste of resources following five years of litigation in Virginia, he determined that the forum selection clause was mandatory and exclusive. *See* ECF

---

[1] Plaintiff attached the contract to its Complaint, but much of the text is tiny and illegible. *See* ECF 1-2. However, the content of the forum selection clause is not disputed.

13 at 5. It does not appear from the transcript excerpts provided by McClung that the statute of limitations was discussed during the hearing.

Rather than dismiss the case at that time, the judge continued it. On January 12, 2017, he entered an Order that stated, ECF 12-3 at 1-2:

> This case will be dismissed without prejudice . . . if any of the following events occurs on or before June 19, 2017:
> a. McClung[] files suit against [defendants] in either the Maryland state courts . . . or in the federal courts . . . .
> b. [Defendants] file[] suit against McClung[] in a Maryland Court . . . .

The Order concluded, *id.* at 2: "If no party causes a Notice . . . to be filed by June 19, 2017, then this Court shall end the continuance described [and] shall place this case back upon its docket and shall set a trial date for this case . . . ."

Defendants point out in their Reply that the Order of January 12, 2017, "does not require any party to 'promise' to continue to pursue its Maryland case 'on the merits' after it is filed *or* deprive any party of any defense to any claims that may be brought in Maryland.[]" ECF 13 at 6.

Following the Order of January 12, 2017, in the Virginia Case, no party took action for more than five months. Plaintiff states, ECF 12 at 4: "Because the case had been fully litigated, but for the trial itself, and in an effort to achieve an efficient and economical result, Plaintiff chose not to refile in Maryland in the hopes that the matter would be set back for trial in Virginia."

On May 26, 2017, Cross-Land filed suit against McClung in this Court. *See Cross-Land Harbour, Inc. v. McClung-Logan Equipment Company, Inc.*, JFM-17-1459 (the "First Federal Case"); ECF 12 at 5. The First Federal Case was assigned to Judge J. Frederick Motz. Following the filing of the Complaint in that case, counsel for Cross-Land sent a notice to the court in the Virginia Case, informing the Virginia court that the First Federal Case had been filed

10

in Maryland and that the Virginia Case could be dismissed, in accordance with the Order of January 12, 2017. *See* ECF 12-4 (Notice of Filing). Following this notice, the Virginia Case was dismissed, without prejudice, on June 20, 2017. *See* ECF 12-5 (Dismissal Order). Notably, McClung did not challenge the Dismissal Order in the Virginia Case, and the appeal period expired. *See* ECF 12 at 5; ECF 13 at 7.

Back in Maryland, it appears that McClung (the defendant in the First Federal Case) was never served. *See* ECF 12 at 5. However, defendants assert that McClung "received an ECF notification of the complaint filed by Cross-Land in May 2017," and counsel for plaintiff appears on the docket for the First Federal Case as the Attorney to be Noticed. *See* ECF 13 at 7 n.9; First Federal Case docket. In any event, McClung never asserted any affirmative claim in the First Federal Case. On August 10, 2017, Cross-Land filed a Notice of Voluntary Dismissal in the First Federal Case (JFM-17-1459 at ECF 3), which Judge Motz approved. JFM-17-1459 at ECF 4. The First Federal Case was then terminated.

Just over a month after Cross-Land voluntarily dismissed the First Federal Case, on September 13, 2017, McClung filed its Complaint in this action against both Cross-Land and Harbour. *See* ECF 1.

### C.

Maryland courts "have long adhered to the principle that where the legislature has not expressly provided for an exception in a statute of limitations, the court will not allow any implied or equitable exception to be engrafted upon it." *Booth Glass Co. v. Huntingfield Corp.*, 304 Md. 615, 623, 500 A.2d 641, 645 (1985) (citing *Walko Corp. v. Burger Chef Systems*, 281 Md. 207, 211, 378 A.2d 1100 (1977); *McMahan v. Dorchester Fert. Co.*, 184 Md. 155, 160, 40 A.2d 313 (1944)). The Maryland General Assembly has provided for specific circumstances in

11

which the statute of limitations may be tolled. *See, e.g.*, C.J. §§ 5-202, 5-203. McClung cites none of those statutes.

Rather, plaintiff now pleads, in its Opposition, that defendants should be equitably estopped from asserting limitations as a defense. ECF 12 at 6-7. As noted, a motion to dismiss tests the legal sufficiency of the complaint, and "evaluation is thus generally limited to a review of the allegations of the complaint itself." *Goines*, 822 F.3d at 165-66. Of relevance here, plaintiff makes no reference in the Complaint to any prior case history, any representations by defendants regarding litigation, or any claims regarding the tolling of limitations. *See Cominelli v. Rector & Visitors of the Univ. of Va.*, 589 F. Supp. 2d 706, 718 (W.D. Va. 2008) (dismissing complaint and rejecting equitable estoppel argument because plaintiff failed to allege any facts in his complaint regarding defendant's conduct that would support equitable estoppel), *aff'd*, 362 F. App'x 359 (4th Cir. 2010); *cf. Doe v. Archdiocese of Washington*, 114 Md. App. 169, 187, 689 A.2d 634, 643 (1997) (requiring a plaintiff seeking to toll the statute of limitations by invocation of the fraudulent concealment doctrine to plead specific allegations explaining the delay in discovery).

Even if this Court could consider the assertions in plaintiff's Opposition and the exhibits thereto, it is not clear that equitable estoppel would apply. "In Maryland . . . , it is well settled that equitable estoppel will not toll the running of limitations absent a showing that the defendant 'held out any inducements not to file suit or indicated that limitations would not be pleaded.'" *Booth Glass Co.*, 304 Md. at 624, 500 A.2d at 645 (quoting *Nyitrai v. Bonis*, 266 Md. 295, 300, 292 A.2d 642 (1972)). Plaintiff does not identify any such inducement or representation.

More recently, the Maryland Court of Appeals has stated that, "for equitable estoppel to toll a statute of limitations, a plaintiff must show that there was some wrongful conduct on the

part of the defendant that prevented the plaintiff from asserting his or her claim." *Ademiluyi v. Maryland State Bd. of Elections*, ___ Md. ___, No. 35, Sept. Term 2017, 2018 WL 1465131, at *13 (Mar. 26, 2018). Plaintiff does not allege that defendants prevented plaintiff from asserting its claim.

Plaintiff suggests that "by filing a copy of the [First Federal] lawsuit's complaint with the Circuit Court, Cross-Land affirmatively represented that it intended to litigate this case, on the merits, in Maryland." ECF 12 at 6. Plaintiff expands on this view by asserting that "Cross-Land obtained the dismissal from the Circuit Court by filing with the Circuit Court a copy of its [First Federal] Complaint, thereby affirmatively representing that Cross-Land intended to litigate its claims on the merits." *Id.* at 7.

But, in regard to the [First Federal] Case, the Notice of Filing merely states, ECF 12-4 at 1: "A file stamped copy of the first page of the Complaint that Cross-Land Harbour, Inc. filed against McClung-Logan Equipment Company, Inc., in the United States District Court for Maryland on May 26, 2017 is attached to this Notice of Filing as Exhibit 2 . . . ." The Notice of Filing is silent as to Cross-Land's ultimate intentions.

Certainly, Cross-Land made no express representation in the Notice of Filing that it would not assert a defense of limitations in regard to any subsequent suit. Nor has plaintiff alleged that the parties had a tolling agreement. Absent a commitment to waive the defense of limitations upon the refiling of the suit, no party had any guarantee that its claims would be litigated on the merits in Maryland. *See Kumar v. Dhanda*, 198 Md. App. 337, 350, 17 A.3d 744, 752 (2011) (absent an agreement tolling limitations, limitations will apply), *aff'd*, 426 Md. 185, 43 A.3d 1029 (2012).

The most salient procedural facts are these: (1) Despite a forum selection clause requiring litigation in Maryland courts, plaintiff filed its lawsuit in Virginia State court; (2) after five years of litigation, defendants moved to dismiss, on the basis of the forum selection clause; (3) upon notice of the filing of the First Federal Case, the Virginia court dismissed the Virginia Case; (4) plaintiff did not appeal the dismissal.

I shall not comment on the propriety of the Virginia court's dismissal of the Virginia Case under Virginia law.[2] I note, however, that in this Court a forum selection clause may be deemed waived if "the party invoking the clause has taken actions inconsistent with it or has delayed its enforcement, [or] the other party would be prejudiced by its enforcement." *Whiting-Turner Contracting Co. v. Westchester Fire Ins. Co.*, JFM-13-348, 2013 WL 3177881, at *4 (D. Md. June 20, 2013); *see Kettler Int'l, Inc. v. Starbucks Corp.*, 55 F. Supp. 3d 839, 849-50 (E.D. Va. 2014); *see also MicroStrategy, Inc. v. Lauricia*, 268 F.3d 244, 249 (4th Cir. 2001) ("A party may waive its right to insist on arbitration if the party 'so substantially utiliz[es] the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay.'" (citation omitted)).[3] And, in Maryland, "a circuit court abuses its discretion by unconditionally dismissing actions on the ground of forum non conveniens when the statute of limitations has likely run in the alternative forum." *Johnson v. G.D. Searle & Co.*, 314 Md. 521, 523, 552 A.2d 29, 30 (1989). But, as noted, McClung chose not to appeal the dismissal of the Virginia Case.

---

[2] It seems that the judge dismissed the case based on the belief that the defense sought to litigate the case, on the merits, in Maryland. *See* ECF 12-2 at 22-23.

[3] It appears from the hearing transcript that counsel for McClung actually cited and discussed *MicroStrategy* in his argument that the Virginia court should not enforce the forum selection clause. *See* ECF 12-2 at 13.

14

Defendants' litigation strategy was crafty, if not underhanded. However, this is not a case in which the plaintiff is without fault. Plaintiff elected to file suit in Virginia, despite the forum selection clause; failed to appeal the Virginia court's dismissal of its case on this basis;[4] and then chose not to refile its claims in Maryland until after Cross-Land had dismissed the First Federal Case and after the expiration of the appeal period in Virginia. And, crucially, plaintiff has failed to plead any allegations related to tolling of limitations or equitable estoppel.

The action is barred on the face of the Complaint. As a result, I need not consider defendants' contention that the allegations of the Complaint are insufficient to state a claim. However, plaintiff may amend its Complaint by June 6, 2018, if it can plead allegations sufficient to overcome Maryland's limitations period.

### III. Conclusion

For the foregoing reasons, I shall GRANT the Motion, without prejudice. An Order follows, consistent with this Memorandum Opinion.

Date: May 16, 2018
/s/
Ellen Lipton Hollander
United States District Judge

---

[4] Presumably, McClung did not appeal because it believed that defendants agreed to litigate the case on the merits in Maryland. I make no finding as to whether this belief was well-founded.